15 So.2d 805

COCKRELL et al. v. MORAN CORPORA-
TION OF THE SOUTH et al.

No. 37233.

Nov. 8, 1943.

·Herold, Cousin & Herold, of Shreveport, and Plauche & Plauche, of Lake Charles, for appellants-respondents.

John R. Perez, of Empire, in pro. per.

O'NIELL, Chief Justice.

Ernest Cockrell and others sued a Texas corporation, called The Moran Corporation of the South, and its local attorney, for slander of title to certain mineral royalty interests in a large area of land in Plaquemines Parish. In response to a supplemental petition of the plaintiffs the judge appointed a curator ad hoc to represent the corporation. Thereafter the suit was dismissed on the plaintiffs' motion; and subsequently the lawyer who had been appointed curator ad hoc demanded of the corporation a fee of $2,500 for his services. The corporation, considering the demand excessive, refused to pay the fee; whereupon the lawyer proceeded by rule to have the fee fixed and assessed as costs of court. After a trial of the rule the judge allowed the curator ad hoc a fee of $500. The defendants in the rule—who were the plaintiffs in the main suit—appealed from the judgment allowing the curator ad hoc the fee of $500; and he, in answer to the appeal, asked for an increase of the amount of the judgment to $2,500. At the same time the curator ad hoc, as appellee, filed in this court a motion to compel the appellants to supplement the transcript of appeal, at their expense, by having the clerk of the district court make and send up to this court typewritten copies of the records in several other lawsuits, which records were introduced in evidence by the curator ad hoc—over the objection of the defendants in the rule—on the trial of the rule to fix the fee of the curator ad hoc. The appellants—defendants in the rule to fix the fee of the curator ad hoc—were ordered by this court to show cause why the transcript of appeal should not be supplemented as prayed for by the appellee—curator ad hoc. The appellants answered the rule by showing that there was no necessity for supplementing the transcript as prayed for by the appellee. The only question before the court now, therefore, is whether the appellants have made a sufficient showing that there is no necessity for supplementing the transcript.

The appellee describes in his motion seven records which he contends should be copied and sent up to this court by the clerk of the district court, and which he designates by the letters (a), (b), (c), (d), (e), (f), and (g).

The record designated as (a) is the original record of a suit entitled Board of Commissioners for the Buras Levee District v. Mt. Forest Fur Farms of America et al., No. 665 of·the docket of the district court; and the record designated as (b) in the motion is a complete transcript of the record in that case, num-

bered 32,118 of the docket of this court. The record (a) of that suit in the district court consists of two large volumes of pleadings and testimony, and the record (b) in this court consists of twenty-three volumes, containing 1,566 typewritten pages of pleadings and testimony and 205 pages of maps and other exhibits, all forming the transcript of appeal in the case of Board of Commissioners for the Buras Levee District v. Mt. Forest Fur Farms of America, No. 32,118. That case was decided by this court in January 1934, and is reported in 178 La. 696, and in 152 So. 497. The whole record of the case is here in the archives of the court and is available for any purpose for which it might be deemed pertinent to the question of value of the services rendered by the curator ad hoc in this case. The attorneys for the appellants objected to the introduction of the record of that suit as evidence in this proceeding, where the only matter at issue is the value of the services rendered by the curator ad hoc for The Moran Corporation of the South. The judge of the district court overruled the objection. The appellee insists now that the record is relevant for the purpose of showing the extent of the responsibility which he incurred as curator ad hoc in this case, and hence the value of his services as curator ad hoc. It is not necessary to decide now whether there is in the record in the other case anything relevant to the issue in the present case. It is sufficient to say that the record in the other case is available, having been filed here 10 years ago. Hence it is not necessary to

subject the appellants to the expense of having the record copied again and brought up as a part of the transcript of appeal in the present case. The appellants, at the time of taking their appeal, and while instructing the clerk of the district court as to the documents to be included in the transcript, filed a motion asking the district judge for an order permitting them to use the transcript of appeal in the case of Board of Commissioners for the Buras Levee District v. Mt. Forest Fur Farms of America, No. 32,118, as a part of the transcript in the present case; and, over the objection of the appellee, the judge rendered the order. It is contended now by the appellee that the judge had no authority to render such an order. In response to the contention the appellants say that if we conclude that the district judge did not have such authority we should grant the order ourselves under authority of Section 12 of Rule I of the Rules of this court, 191 La. xxxviii, providing that where there is a first and second appeal in the same case, or growing out of the same case, the transcript used for the first appeal may, on leave of this court, be used for the subsequent appeal, and the copying of the record again may be thereby dispensed with. That rule does not fit exactly the facts of this case, because the present appeal is not an appeal from any judgment or decree rendered in the case of Board of Commissioners for the Buras Levee District v. Mt. Forest Fur Farms of America, No. 32,118, and does not grow out of that case in any sense, so far as the record discloses at

this time. But our opinion is that Section 12 of Rule I is of sufficient scope to warrant our considering the transcript of appeal in the case of Board of Commissioners for the Buras Levee District v. Mt. Forest Fur Farms of America, No. 32,118, as a part of the evidence—if it is deemed relevant as evidence—in the present case.

The records referred to in the appellee's motion as (c) and (d) are, respectively, the original record in the district court and the transcript of appeal in this court, in the suit entitled Mt. Forest Fur Farms of America v. Ernest Cockrel, No. 673 of the docket of the district court and No. 31,791 of the docket of this court. The case is reported in 179 La. 795 and 155 So. 228. The record in that case is not as voluminous as the record in the case of Board of Commissioners for the Buras Levee District v. Mt. Forest Fur Farms of America, No. 32,118; but in all other respects the reasons which we have given for finding it unnecessary to have the records designated as (a) and (b) copied and sent up as a part of the transcript of appeal in the present case are applicable as well to the records designated as (c) and (d) in the appellee's motion.

The record designated as (e) in the appellee's motion is the record in another suit entitled Mt. Forest Fur Farms of America v. Ernest Cockrel et al., No. 1190 of the docket of the district court. It appears that after that suit was filed the Mt. Forest Fur Farms of America instituted a suit in the United States District Court in Detroit, Michigan, entitled "In the Matter of Mt. Forest Fur Farms of America, Debtor, Proceedings for Corporate Reorganization"; and it appears that that suit was, substantially, of the same nature and involved the same parties, as the suit No. 1190 of the docket of the district court in Plaquemines Parish. For that reason the record in the suit filed in the Federal Court in Detroit will serve all of the purposes that a copy of the record of the suit No. 1190 of the docket of the district court in Plaquemines Parish would serve, so far as the issue in the present appeal is concerned.

The document designated in the appellee's motion as document (f) is a compromise judgment rendered in the suit entitled Mt. Forest Fur Farms of America v. Ernest Cockrel et al., No. 1190 of the docket of the district court. The document is referred to in the appellee's motion as "a fully printed copy of the judgment". The appellee is mistaken in believing that a copy of the judgment was omitted from the transcript of appeal in this case. It appears on pages 101 to 146 of the transcript in this case, No. 37,233.

The record designated as record (g) in the appellee's motion is the printed transcript of appeal, consisting of six volumes, comprising 2,674 printed pages, in the suit entitled "In the Matter of Mt. Forest Fur Farms of America, Inc., Debtor, Proceedings for Corporate Reorganization", in the United States Circuit Court of Appeals for the Sixth Circuit. The district judge in the present case, on motion of the appellants, and over the objection of the appellee, ordered the clerk of court to send up the six printed volumes.

instead of making and sending up a type-written copy of their contents. In that way the judge wisely avoided a large and unnecessary expense. The appellants objected to the introduction of the printed record in evidence in this proceeding to fix the fee of the curator ad hoc, on the ground that the record was irrelevant to the question of value of the services rendered by the curator ad hoc in this case. If we find that the six printed volumes are pertinent to the question of value of the services rendered by the curator ad hoc the printed volumes will serve the same purpose that a typewritten copy of them would serve.

If any part of the records of the lawsuits which the curator ad hoc in this case introduced in evidence for the purpose of showing the extent of his responsibility and hence the value of his services as curator ad hoc is relevant to that issue, which is the only issue before us on this appeal, all that we will need with regard to the records in those other cases is a cursory examination of them. There will be no necessity for examining minutely the proceedings in those cases.

■ Section 2 of Rule I of the Rules of this court (191 La. xxxvii), providing for the preparation of transcripts of appeal, does not require the appellant to embody in the transcript a typewritten copy of documentary evidence consisting or forming part of the record of another suit if the transcript in that other suit is already on file or in the archives of this court; nor is it necessary that the appellant shall have typewritten copies made of documentary evidence if the bringing up of the original documentary evidence itself as a part of the transcript will serve the same purpose that a typewritten copy of such evidence would serve. In that respect the rules of court providing for the preparation of transcripts are subject to a reasonable interpretation in the interest of economy in the matter of court costs.

■ Section 7 of Rule I requires that when the record of another suit forms part of the evidence in the suit in which the appeal is taken the record in the other suit "shall appear in the transcript subsequent in order to the record and evidence in the principal suit" and shall be separated therefrom by colored leaves or covers which shall serve to distinguish it from the principal suit. But that means merely that when the record of another suit is embodied in the transcript of the suit in which the appeal is taken the record of the other suit shall be so separated by colored leaves or covers as to distinguish it from the principal suit. The rule does not require that a typewritten copy of the record in the other suit—which has been introduced in evidence in the principal suit—shall be embodied in the transcript of appeal in the principal suit,—even in cases where a transcript of the record of the other suit already forms part of the records or archives of this court.

For the reasons stated, the motion of the appellee to have the transcript of appeal in this proceeding supplemented is overruled.